## Cozens' Estate

*High, Dettra & Swartz,* for accountant.

HOLLAND, P. J., October 3, 1939.—In her will testatrix gave and bequeathed $10,000 to The Willow Grove Trust Company, the income therefrom to be paid to the directing board of the Warwick Presbyterian Church for the purposes of perpetual care, maintenance, and upkeep of her burial lot in the churchyard at Neshaminy and the placing of flowers on her grave on Memorial Day and Christmas, and for caring for the graves of her immediate family, all of said graves being located in the Warwick Presbyterian Church burial grounds at Neshaminy. If there is any surplus over and above the

income from this trust fund unnecessary for the uses and purposes set forth in the will, testatrix provided that the directing board of the church may make use of the money in any such manner as they see fit.

She gave and bequeathed $250 to The Willow Grove Trust Company, the income therefrom to be paid to the directing board of the Baptist Church at New Britain, for the purposes of the perpetual care, maintenance, and upkeep of the graves of Henry R. and Mary C. Brooks in the churchyard of the Baptist Church at New Britain; and gave and bequeathed the sum of $2,000 to the directing board of the Warwick Presbyterian Church of Neshaminy, to be devoted to such purposes as in their opinion it may be best applied, the bequest to be in memory of her mother, Elizabeth Cozens; $2,000 to Annie Bennett; $2,000 to Laura Thoman and daughters; $500 to Martha Thoman; $1,000 to Iredell and Mary A. Twining; $500 to Sarah E. Cooper; $500 to the Union Library of Hatboro; $500 to Grace Union Chapel, Horsham, Pa.; and $500 each to Edna Doan and Edith Doan, daughters of Emma Doan.

The Willow Grove Trust Company, which was appointed executor and trustee, ceased to perform its corporate functions and passed into the hands of the Secretary of Banking of the Commonwealth of Pennsylvania for liquidation. The Secretary of Banking renounced all right to act as executor and trustee. No substituted trustee has been appointed in the place and stead of the said Willow Grove Trust Company. The petition for distribution suggests that the legacies bequeathed in trust, the income to be paid to the Warwick Presbyterian Church, be awarded to the said church for the purpose set forth in the will, otherwise to a trustee to be appointed.

We are of the opinion that the latter course must be followed. It was held in Lewis' Estate, 30 Dist. R. 391, that neither the Act of May 14, 1874, P. L. 165, nor the Act of May 16, 1891, P. L. 88, conferred jurisdiction

upon the orphans' court to appoint a cemetery company trustee of a bequest for the care of burial lots in its cemetery; and that the trusts which a cemetery company is authorized by said act to hold as trustee are limited to voluntary grants, donations, bequests, etc., direct from the donors to the cemetery company, and not such as create a trust in another, or where it requires the intervention or action of a court to designate and appoint. The same is true of the legacy of $250 to The Willow Grove Trust Company, the income of which was directed to be paid to the directing board of the Baptist Church at New Britain for the purposes of the perpetual care, maintenance, and upkeep of the graves of Henry R. and Mary C. Brooks, in the churchyard of the Baptist Church at New Britain. Said legacies will be awarded to trustees to be duly appointed.